IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DERRICK M. WEBSTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1322-P |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Derrick M. Webster, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition is an unauthorized successive petition and should be transferred to the Fifth Circuit Court of Appeals for a determination as to whether authorization to file the petition should be granted.

**I. BACKGROUND**

Petitioner is serving a 65-year sentence for his 2002 conviction in Tarrant County, Texas, Case No. 0866501R, for assault of a public servant. Pet. 2, ECF No. 1. The history relevant to this case is set forth in the district judge's Memorandum Opinion and Order in No. 4:13-CV-859-A. Mem. Op. & Order, Webster v. Stephens, No. 4:13-CV-859-A, ECF No. 18. Petitioner has filed a prior federal habeas-corpus petition under 28 U.S.C. § 2254 in

this Court challenging the same 2002 state conviction. *Id.*, Pet., ECF No.1. No service of the instant petition has issued upon Respondent.

## II. DISCUSSION

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Additionally, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

From the face of this petition, it is apparent that this is a successive petition, and Petitioner has not alleged or demonstrated that he has obtained authorization to file the petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice

of transferring a successive petition to the circuit court and establishing procedures in the circuit court to handle such transfers). The Court chooses the latter procedure.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's § 2254 petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b). Because the Court lacks jurisdiction to consider the petition, no rulings are made upon Petitioner's application to proceed *in forma pauperis* and pending motions (ECF Nos. 2-5).

**SO ORDERED** on this 15th day of December, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE